# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEWIS T. WATKINS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALCOA MILL PRODUCTS/ARCONIC, | : | NO. 18-899 |
| *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**SCHMEHL, J.** /s/ JLS                                                      **MARCH 12, 2018**

      Plaintiff Lewis T. Watkins, a prisoner at the State Correctional Institution at Houtzdale, brings this civil action against his former employer, Alcoa Mill Products/Arconic, and Tracey Hustad, a manager at Alcoa during the relevant time period. Mr. Watkins alleges that he was terminated from employment based on his race (African American) and his disability in violation of Title VII and the Americans with Disabilities Act (ADA). He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Watkins leave to proceed *in forma pauperis* and dismiss his Complaint as time-barred.

## I.     FACTS[1]

Mr. Watkins previously worked as a furnace helper at Alcoa. He was unfortunately diagnosed with prostate cancer during his employment, which required surgery and ongoing medical treatment. Alcoa became aware of his condition in late 2011. Mr. Watkins alleges that after his surgery in early 2012, Ms. Hustad harassed him for disposing of wet diapers at work even though he needed to wear diapers as a result of a catheter removal. Ms. Hustad also

---

[1] The following facts are taken from the Complaint and documents attached to the Complaint.

allegedly complained that Mr. Watkins could not drive work vehicles because of the medications he was taking.

Unrelated to his diagnosis of prostate cancer, Mr. Watkins completed an Employee Assistance Program while working for Alcoa, apparently in connection with drug or substance abuse issues. Ms. Hustad terminated Mr. Watkins on June 20, 2012, because according to Ms. Hustad, Mr. Watkins failed urine tests on May 16th and May 20th of 2012. Mr. Watkins contends that he never participated in urine tests and that Ms. Hustad fabricated the basis for his termination. His termination cost him his income and required him "to fight a lethal disease without medical insurance." (Compl. at 5.)

Mr. Watkins has been "fighting Alcoa relentlessly since June 2012 over it's [sic] false statements about [him]." (*Id*.) He is currently serving a sentence of three to ten years for stalking and terroristic threats based on his "attempts to urge Alcoa to prove it's [sic] allegations or re-employ [him]." (*Id.*) Mr. Watkins alleges that during the preliminary hearing in his criminal case, Alcoa's current personnel manager testified to the absence of laboratory results for the urine tests that formed the basis for Mr. Watkins's termination. The Judge who sentenced Mr. Watkins likewise acknowledged that the laboratory results did not exist.

Mr. Watkins filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in 2017. The specific date is somewhat unclear, as Mr. Watkins alleges in his Complaint that he filed the charge on June 6, 2017, but the charge itself bears a date of November 29, 2017. He alleged that he was treated differently from white employees who completed Employee Assistance Programs, and that he was terminated because of his disability and in retaliation for accommodations related to his medical condition. On December 18, 2017,

the EEOC dismissed Mr. Watkins's charge as untimely. Mr. Watkins subsequently filed the instant civil action pursuant to Title VII and the ADA.

II.     STANDARD OF REVIEW

The Court grants Mr. Watkins leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Mr. Watkins is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III.    DISCUSSION

Here, it is apparent from the face of Mr. Watkins's Complaint and exhibits that his claims are time-barred. To bring suit under Title VII or the ADA, "a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the [Equal Employment Opportunity Commission] within 300 days of the alleged unlawful employment practice." *Mandel v. M&Q Packaging*

---

[2] As Mr. Watkins is a prisoner, he will still be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Corp.*, 706 F.3d 157, 165 (3d Cir. 2013); *Churchill v. Star Enterprises*, 183 F.3d 184, 190 (3d Cir. 1999) (applying administrative procedures of Title VII to ADA claims). A plaintiff who fails to bring a charge within that 300-day time period has failed to exhaust administrative remedies as required by Title VII and the ADA, and is therefore barred from bringing an action in federal court. *See generally Pizio v. HTMT Glob. Sols.,* 555 F. App'x 169, 173 (3d Cir. 2014).

The events giving rise to Mr. Watkins's claims all took place in 2012, culminating with his termination on June 20, 2012. He did not file a charge with the EEOC until 2017. As Mr. Watkins filed his charge well beyond the 300-day time limit, he has not properly exhausted administrative remedies and the Court must dismiss his case. *See Overby v. Boeing Glob. Staffing*, 571 F. App'x 118, 119 (3d Cir. 2014) (per curiam) ("As July 13, 2013, was more than 300 days after July 8, 2011, we agree with the District Court's decision to dismiss Overby's complaint.").

It is also apparent from the Complaint that tolling does not apply here. "Because the time limitations set forth in Title VII are not jurisdictional, they may be modified by equitable concerns, such as tolling." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005). "There are three principal situations in which equitable tolling is appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.* The Complaint makes clear that Mr. Watkins was aware of all of the facts giving rise to his claims and chose to address

the situation in ways other than filing a charge with the EEOC. Although his anger and frustration are understandable, he may not proceed on his claims in this civil action.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As it is apparent that Mr. Watkins cannot cure the defects in his claims, he will not be given leave to amend. An appropriate Order follows.

---

[3] Additionally, neither Title VII nor Title I of the ADA provide for individual liability, so Mr. Watkins could not proceed against Ms. Hustad in any event. *See Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). Furthermore, if Mr. Watkins intended to bring a claim under the Health Insurance Portability and Accountability Act (HIPAA), which is briefly referenced in his Complaint, his claim fails because HIPAA does not provide for an individual cause of action for disclosures of confidential medical information. *See Hatfield v. Berube*, --- F. App'x ---, No. 17-2354, 2017 WL 4334044, at *4 (3d Cir. Sept. 29, 2017) (per curiam).